NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BENNY G. RIVERA,

Plaintiff-Appellant,

v.

J. ADAM SHEPPARD, Sheriff, Gila
County; et al.,

Defendants-Appellees.

No. 20-17477

D.C. No. 2:20-cv-01255-JAT-DMF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted September 14, 2021[**]

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

Pretrial detainee Benny G. Rivera appeals from the district court's judgment

dismissing his action alleging violations under Title II of the Americans with

Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We

review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v.*

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We reverse and remand.

The district court dismissed Rivera's ADA claim because Rivera failed to allege facts sufficient to show that he was a qualified individual with a disability and that defendants intentionally discriminated against him because of his disability. However, in his original complaint, Rivera alleged that he has a spine impairment, and in his second amended complaint, Rivera alleged that he was limited in his ability to perform major life activities, such as using the toilet and shower unaided, and that defendants discriminated against him by denying him the required accommodations. Liberally construed, these allegations "are sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *Simmons v. Navajo County*, 609 F.3d 1011, 1021 (9th Cir. 2010), *overruled on other grounds by Castro v. County of Los Angles*, 833 F.3d 1060 (9th Cir. 2016) (en banc) (setting forth the elements of an ADA Title II claim); *see also* 42 U.S.C. § 12102(1)(A) ("The term 'disability' means . . . a physical or mental impairment that substantially limits one or more major life activities of such individual[.]"); *Pierce v. County of Orange*, 526 F.3d 1190, 1196 (9th Cir. 2010) (holding that physical barriers that denied disabled inmates access to prison facilities, such as bathrooms, showers, and other common areas, violated the ADA).

**REVERSED and REMANDED.**